CHARLES L. SMITH *et al.*

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

VENUE — *change of an indictment.* An indictment certified from one county to another on a change of venue, must contain the names of all the persons indicted. So, where an indictment was found against seven persons for a riot, and the one certified, contained the names of six only, *Held*, no judgment could be rendered against the six convicted ; *Held, also*, that the State's attorney should, on the change of venue, have applied to the court for a stay of proceedings until a correct copy of the indictment could be had.

ERROR to the Circuit Court of Edgar county; the Hon. C. H. CONSTABLE, Judge, presiding.

This was a proceeding by indictment at the October term, 1861, of the Circuit Court of Coles county, against Charles E. Smith, Thomas P. James, and five others, for a misdemeanor.

At the May term, 1862, of said court, five of the defendants in the indictment, viz., Smith, Sanders, Jones, Barker and Trimble, filed an affidavit for a change of venue in the cause, and a change was granted by the court to Edgar county, as to the said five defendants, and continued as to the other two defendants, Thomas P. James and Peter J. Drake.

The copy of the indictment transmitted by the court of Coles county to the Circuit Court of Edgar county, purports to be a copy of an indictment against Charles L. Smith, Azariah Sanders, Peter J. Drake, Philander Jones, Sylvester D. Barker, and Warner Trimble, six persons only.

The clerk of Coles county certified that the copy transmitted by him, was the copy of an indictment against six persons, not including Thomas P. James.

The plaintiffs in error were tried on this record, purporting to be a copy of an indictment, and the jury returned a verdict of " guilty " against them. Whereupon, said defendants below moved the court for a new trial, and in arrest of judgment.

Defendants below, among others, filed the following reasons for a new trial:

Because the paper purporting to be a copy of the original indictment, is not a true copy, in this: that it does not contain the name of Thomas P. James, one of the defendants named in the original indictment.

Because there is no record or papers on file in the clerk's office of Edgar county, upon which this court can render judgment or sentence in the cause. Because the cause in which the defendants, impleaded as above, took a change of venue from Coles county to Edgar county, was an indictment in which they were impleaded with one Thomas P. James, and no other indictment.

Because defendants, impleaded as above, have been tried without any indictment whatever.

The court overruled the motion for a new trial. Also, the court overruled the motion in arrest of judgment. To all of which, defendants then and there excepted, and bill of exceptions signed by the court.

Afterwards the court rendered judgment upon said verdict, against all of the plaintiffs in error, and imposed a fine on each of them.

The defendants below bring the cause here by writ of error, and assign the following as errors:

1. The court erred in overruling defendants' motion for a new trial.

2. The court erred in overruling defendants' motion in arrest of judgment.

3. The court erred in rendering judgment upon the verdict of the jury.

4. The Circuit Court of Edgar county erred in taking jurisdiction of the cause — the same not being properly in court.

Messrs. ALLISON & MOULTON, for the Plaintiffs in Error.

Mr. J. B. WHITE, State's Attorney, for the People.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This record shows that an indictment for a riot was found by the grand jury of Coles county, at the October term, 1861, of the Circuit Court of that county, against seven · persons named therein.    Five of the defendants obtained a change of venue to Edgar county.    The indictment, certified to the Edgar Circuit Court, from the Coles Circuit Court, was against six persons only, the name of one of the seven being omitted.

On this indictment, the defendants, who had obtained a change of venue, went to trial in Edgar county, and were convicted. A motion for a new trial was entered and overruled, whereupon, a motion in arrest of judgment was made, which was also overruled, and a fine imposed on each of the defendants.

The case is brought here by writ of error, and these rulings of the court assigned as error.

Upon the first point, as the evidence is not preserved, we cannot say a new trial should have been granted, or that any injustice has been done by the verdict.

On the other point, it appears the defendants were tried on an indictment which had not been found by the grand jury. The one found, and presented by the grand jury to the Coles Circuit Court, was against seven persons ; the one on which the defendants were tried, was against six of those persons, and if for the same offense, a recovery or judgment in the one case could not be pleaded in bar of a judgment in the other.

For this reason the judgment must be reversed, and the cause remanded.    It was the duty of the State's attorney, on perceiving the defect in the indictment certified to the Edgar Circuit Court, to have alleged a diminution of the record, and thus have obtained a full and correct copy from Coles county.

The judgment must be reversed and the cause remanded.

*Judgment reversed.*